**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YVONNE HODGE,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>OAKLAND UNIFIED SCHOOL<br>DISTRICT; BOARD OF EDUCATION;<br>KIM NOBLE; LISA RYAN COLE;<br>PHYLISS HARRIS; IRIS WESSLEMAN,<br><br>        Defendants - Appellees. | No. 12-16427<br><br>D.C. No. 3:09-cv-04719-RS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted February 11, 2014
San Francisco, California

Before: REINHARDT and THOMAS, Circuit Judges, and SESSIONS, District
Judge.[**]

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable William K. Sessions III, District Judge for the U.S.
District Court for the District of Vermont, sitting by designation.

1

Yvonne Hodge appeals the district court's grant of summary judgment to Defendants on her claims of disparate treatment, disparate impact, and hostile work environment on account of her race and age under Title VII and the Age Discrimination in Employment Act. We review *de novo* a district court's grant of summary judgment and affirm. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003).

With respect to Hodge's disparate treatment claim, the district court correctly held at step three of the *McDonnell Douglas* framework that Hodge did not present evidence that the school district's reason for not hiring her was pretextual. *See Raad v. Fairbanks North Star Borough Sch. Dist.*, 323 F.3d 1185, 1193–94 (9th Cir. 2003). With respect to her disparate impact claim, Hodge did not introduce sufficient evidence to create a triable issue of material fact of disparate impact, including any evidence from which to compare the number of teachers within the protected groups who were hired to the number in the applicant pool or in any other relevant group. *See Stout v. Potter*, 276 F.3d 1118, 1122 (9th Cir. 2002). Finally, with respect to hostile work environment, Hodge did not present sufficient evidence to create a triable issue of material fact that the alleged mistreatment was because of her race or age. *See Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003).

Hodge's remaining claims are either waived or without merit.

The district court is, therefore,

**AFFIRMED.**